UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

The Estate of AHMED ABDULLA
UMAR a/k/a AHMED A. UMAR,
Deceased, and AMEERA UMAR,
Individually and as Executrix,

   Plaintiff,

  v.

CHRISTOPHER J. BENSCH and
WAIKIKI WATERCRAFT, LLC,

   Defendants.

               18-CV-1414 (JLS)

---

IN THE MATTER OF THE
COMPLAINT,

-of-

CHRISTOPHER BENSCH, as Owner of the
M/V "LOCH LOMOND," a 2002 46' Sunseeker
Camargue 44, for Exoneration from or
Limitation of Liability

   Petitioner.

               19-CV-35 (JLS)

---

IN THE MATTER OF THE
COMPLAINT,

-of-

WAIKIKI WATERCRAFT, LLC, as
Owner of a 2009 Yamaha Motor Co.,
Ltd. Waverunner, a VX personal
watercraft, ten feet, six inches long,

   Petitioner.

               19-CV-559 (JLS)

## DECISION AND ORDER

These actions arise from an August 26, 2018 boating accident on the Niagara River, which resulted in the death of Ahmed Abdulla Umar.  The executor of Umar's estate, Ameera Umar, filed a wrongful death action in New York state court against Christopher Bensch, who owned and operated the boat involved in the accident, and Waikiki Watercraft, LLC, which rented a jet ski to Umar.  Bensch removed the wrongful death action to this Court on the basis of admiralty and maritime jurisdiction under 28 U.S.C. § 1333.  Bensch and Waikiki both subsequently commenced separate actions in this Court seeking exoneration or limitation of liability for the August accident.

On October 28, 2019, this Court[1] referred these cases to United States Magistrate Judge Jeremiah M. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Umar Dkt. 9;[2] Bensch Dkt. 16; Waikiki Dkt. 13.  Presently before the Court are Judge McCarthy's Reports and Recommendations ("R&Rs") addressing the estate's motion to remand the wrongful death action, including a request for an award of costs and attorney's fees (Umar Dkt. 4); the estate's motions

---

[1] Judge Vilardo was originally assigned to these cases and made the referral to Magistrate Judge McCarthy.  On January 6, 2020, all three actions were reassigned to Judge Sinatra.

[2] Docket references are to CM/ECF docket entries in these three actions.  "Umar" refers to the wrongful death action, 18-CV-1414; "Bensch" refers to Bensch's Limitation of Liability action, 19-CV-35; and "Waikiki" refers to Waikiki's Limitation of Liability action, 19-CV-559.  Unless otherwise indicated, page references are to numbers reflected on the dockets themselves rather than to the CM/ECF pagination.

to dismiss the exoneration/limitation actions commenced by Bensch and Waikiki (Bensch Dkt. 13; Waikiki Dkt. 8); and Bensch's and Waikiki's motions for leave to amend their complaints (Bensch Dkts. 19, 27; Waikiki Dkt. 23).

For the reasons discussed below, the Court accepts Judge McCarthy's recommendations, with two exceptions—this Court denies the motions for leave to amend on the additional basis of futility and denies the estate's request for an award of costs and attorney's fees.

## BACKGROUND

On October 30, 2018, Umar's estate commenced a wrongful death action in New York state court against Bensch and Waikiki.  Umar Dkt. 1-1, Compl.  This action alleged that Bensch negligently operated his boat and that Waikiki negligently failed to train Umar properly in operating the jet ski.  Umar Dkt. 1-1, Compl. ¶¶ 16-17.

On December 5, 2018, Bensch removed Umar's wrongful death action to this Court.  Umar Dkt. 1.  Bensch based the removal on 28 U.S.C. § 1333 because "the Complaint alleges that the incident/injury involved a vessel while on navigable waters of the United States, on the Niagara River."  Umar Dkt. 1, at 2 ¶ 5.  On January 3, 2019, the executor filed a motion to remand the action to state court and requested an award of costs and attorney's fees.  Umar Dkt. 4.

On January 4, 2019, Bensch filed a separate action in this court seeking exoneration or limitation of liability for the incident, pursuant to the Limitation Act (46 U.S.C. § 30501 *et seq.*) and Rule F of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions.  Bensch Dkt. 1, at 1 ¶ 1.  On

January 18, 2019, Judge Vilardo issued an order staying the prosecution of actions

against Bensch—including Umar's wrongful death action—until the hearing and

determination of Bensch's exoneration/limitation action.  Bensch Dkt. 3, at 3.

Waikiki filed a similar exoneration/limitation action on April 30, 2019.

Waikiki Dkt. 1.  On September 11, 2019 Judge Vilardo ordered a stay of any

proceedings against Waikiki until the determination of that action.  Waikiki Dkt. 3,

at 3.

On September 26, 2019, the estate filed motions to dismiss for failure to state

a claim and for lack of jurisdiction in both exoneration actions.  Bensch Dkt. 13,

Waikiki Dkt. 8.  On November 8, 2019, Bensch filed a motion for leave to amend the

complaint in the Bensch exoneration action.  Bensch Dkt. 19.

On January 9, 2020, Judge McCarthy issued an R&R on the pending motions

in all three cases.  Umar Dkt. 13; Bensch Dkt. 26; Waikiki Dkt. 21.  In the R&R,

Judge McCarthy recommended the following: granting the estate's motion to

remand the wrongful death action to state court and awarding costs and attorney's

fees; granting the estate's motions to dismiss in both exoneration actions; and

denying Bensch's motion for leave to amend.  Umar Dkt. 13, at 3; Bensch Dkt. 26, at

3; Waikiki Dkt. 21, at 3.

On January 23, 2020, Bensch filed timely objections to the R&R.  Umar Dkt.

14; Bensch Dkt. 29.  Regarding the wrongful death case, Bensch argued that Judge

McCarthy improperly considered Umar's motion to remand because it remained

subject to Judge Vilardo's stay and restraining order.  Umar Dkt. 14, at 5-6; Bensch

Dkt. 29, at 5-6.  As for Bensch's own limitation action, Bensch argued that his

proposed amended complaint complied with the supplemental pleading rules for

such actions, and motion for leave to amend should have been granted.  Umar Dkt.

14, at 12-15; Bensch Dkt. 29, at 12-15.  In addition to filing objections, Bensch also

filed another motion for leave to file an amended complaint on January 23, 2020.

Bensch Dkt. 27.  The estate responded to these objections on February 6, 2020.

Umar Dkt. 18; Bensch Dkt. 34.

On January 22, 2020, Waikiki also filed timely objections in its own

limitation of liability action.  Waikiki Dkt. 22.  In the objections and a separately

filed motion for leave to amend, Waikiki requested an opportunity to correct the

complaint's deficiencies discussed in the R&R.  Waikiki Dkts. 22, 23.

On April 6, 2020, Judge McCarthy issued a second R&R, addressing Bensch's

second motion for leave to amend (Bensch Dkt. 27) and Waikiki's motion for leave to

amend (Waikiki Dkt. 23).  Bensch Dkt. 37; Waikiki Dkt. 29.  Judge McCarthy

recommended denying the motions for leave to amend.  Bensch Dkt. 37, at 4;

Waikiki Dkt. 29, at 4.  Bensch and Waikiki both timely objected to the second R&R.

Bensch Dkt. 38; Waikiki Dkt. 30.  The estate responded.  Bensch Dkt. 39; Waikiki

Dkt. 31.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations

of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district

court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.[3]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed both R&Rs, the record in these cases, the objections and responses, and the materials submitted by the parties.  Based on that *de novo* review, the Court modifies Judge McCarthy's R&Rs by accepting all of his recommendations, with two exceptions: (1) the Court notes that futility is a further basis for denying the motions for leave to amend, and (2) the Court rejects Judge McCarthy's recommendations regarding the award of attorney's fees and costs.

---

[3] Normally a motion for leave to amend is not dispositive and would be decided by a magistrate judge in an order.  *See, e.g., Palmer v. Monroe Cty. Sheriff*, 378 F. Supp. 2d 284, 288-89 (W.D.N.Y. 2005).  However, in similar circumstances where denial of leave to amend is based on futility or is dispositive of a claim, courts in this district and others have treated such denials as dispositive determinations subject to a *de novo* standard of review upon objection.  *See Briggs v. Cty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (reviewing the denial of leave to amend because any amendment would not relate back and thus would be futile under a *de novo* standard of review); *Ezeh v. McDonald*, No. 13-CV-6563, 2016 WL 1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions regarding the futility of plaintiff's motion operate as a dispositive determination that [proposed defendants] may not be joined as defendants in this case, my determinations are made as part of a Report and Recommendation and not a Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513 (W.D.N.Y. Mar. 30, 2016); *Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility.").  Thus, to the extent that Judge McCarthy's determinations regarding the amended complaint were based on futility, and Bensch and Waikiki objected to these determinations, this Court reviews them *de novo*.

I.    **Bensch's and Waikiki's Motions to Amend**

In the first R&R, Judge McCarthy concluded that Bensch's amended complaint failed to satisfy the Supplemental Rule F(2)'s pleading requirements and, thus, recommended Bensch's motion be denied on the basis of futility.  Umar Dkt. 13, at 10; Bensch Dkt. 26, at 10; Waikiki Dkt. 21, at 10.  In the second R&R, Judge McCarthy recommended denial of the motions for leave to amend, citing bad faith. Bensch Dkt. 37, at 3-4; Waikiki Dkt. 29, at 3-4.

This Court concludes, as an additional basis and for the reasons that Judge McCarthy discussed in the R&Rs, that the motions to amend may also be denied on the basis of futility.  *See, e.g.*, *Xerox Corp. v. Lantronix, Inc.*, 342 F. Supp. 3d 362, 373 (W.D.N.Y. 2018) ("Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (internal quotations omitted).  Under Supplemental Rule F, a Limitation Act complaint "shall set forth the facts on the basis of which the right to limit liability is asserted."  Fed. R. Civ. P. Supp. AMC F(2).  A complaint may be insufficient where it contains "all legal conclusions rather than 'facts on the basis of which the right to limit liability is asserted.'"  *In re Harten*, 19-cv-454 (NG) (SMG), 2019 WL 2358959, at *3 (E.D.N.Y. June 4, 2019) (quoting *In re Lopez-Castro*, No. 05-21812-CIV-GRAHAM, 2005 WL 8155930, at *2 (S.D. Fla. Nov. 15, 2005)). "While the narrative need not necessarily be elaborate, it should be full and complete."  *Id.* (quoting *In re M/V Sunshine*, 808 F.2d 762, 764 (11th Cir. 1987)) (internal quotations omitted).

Upon a *de novo* review of the proposed amended complaints, this Court concludes that the proposed amended complaints fail to set forth the substantive facts necessary to suggest absence of fault and make limitation of liability possible. *See In re Ryan*, No. 11-80306-CIV, 2011 WL 1375865, at *3 (S.D. Fla. Apr. 12, 2011) (concluding the complaint was defective under Supplemental Rule F because it offered no facts to accompany its general legal conclusions). Thus, the proposed amended complaints do not correct the deficiencies observed by Judge McCarthy and fail to meet the requirements of Supplemental Rule F(2). The motions (Bensch Dkt. 27; Waikiki Dkt. 23) to amend are denied.

## II.    The Estate's Motion for an Award of Costs and Attorney's Fees

Judge McCarthy also recommended granting the estate's motion for an award of costs and attorney's fees. Umar Dkt. 13, at 5; Bensch Dkt. 26, at 5; Waikiki Dkt. 21, at 5. On these facts and under the relevant removal case law, this Court declines to award costs and attorney's fees. Thus, the request for an award of costs and attorney's fees (Umar Dkt. 4) is denied.

## CONCLUSION

For the reasons stated above and in the R&Rs, the estate's motion to remand the wrongful death action to state court (Umar Dkt. 4) is GRANTED, except that the request for an award of costs and attorney's fees is DENIED; the motions to dismiss the Bensch and Waikiki Complaints (Bensch Dkt. 13; Waikiki Dkt. 8) are GRANTED; and Bensch's and Waikiki's motions for leave to amend the complaints (Bensch Dkts. 19, 27; Waikiki Dkt. 23) are DENIED.  The Clerk is directed to close the files.


SO ORDERED.

Dated:      June 25, 2020
            Buffalo, New York

                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE